AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern  District of Missouri

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.  4:19 CR 530 SRC |
| LARENTA JONES, ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

**Part I - Eligibility for Detention**

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

**Part II - Findings of Fact and Law as to Presumptions under § 3142(e)**

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

   ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

   ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

   ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

   ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

   ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

   ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

   **OR**

   ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

   ☒ Weight of evidence against the defendant is strong
   ☒ Subject to lengthy period of incarceration if convicted
   ☒ Prior criminal history
   ☒ Participation in criminal activity while on probation, parole, or supervision
   ☐ History of violence or use of weapons
   ☒ History of alcohol or substance abuse
   ☒ Lack of stable employment
   ☐ Lack of stable residence
   ☐ Lack of financially responsible sureties
   ☐ Lack of significant community or family ties to this district

☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☒ Prior failure to appear in court as ordered
☒ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Defendant Larenta Jones is charged by indictment with being a felon in possession of a firearm on March 14, 2019. Conviction for this offense carries a potential statutory maximum sentence of imprisonment for not more than 10 years. At the detention hearing held on July 19, 2019, the parties did not dispute the facts stated in the written bail report filed on July 18, 2019, by the Pretrial Services Office, Doc. 13.  Therefore, the Court hereby adopts the facts set forth in that report and incorporates them by reference into this Order. Defendant Jones is 26 years of age.  He is a lifelong resident of this area.  He resides with his fiancé in an apartment rented by her.  Two siblings reside in this area and one resides in Jefferson City.  He has a child by his fiancé and she is expecting another child in December; however, this pregnancy has not been confirmed.  Defendant is expecting another child by another woman also.  He has been sporadically employed. However, he reported he babysits his fiancé's child everyday.  Defendant reported weekly use of marijuana; however, defendant was unsuccessfully discharged from out-patient drug abuse treatment for missing sessions.

Defendant's criminal record is very serious.  In July 2013, defendant pled guilty to two counts of drug and paraphernalia ordinance violations.  In May 2016, defendant pled guilty to receiving stolen property, for which he was placed on probation for 5 years.  During this term of probation, defendant is alleged to have violated his conditions of supervision; a state court hearing date is set for August 14, 2019.  In September 2016, defendant pled guilty to resisting arrest, creating a risk of serious injury or death; for these offenses, he was placed on probation for 2 years.  For various probation violations, defendant's term of probation was extended until September 2021.  In April 2019, while free on a state court bond, defendant was charged with peace disturbance and failure to appear.  That case is pending.  To the federal Pretrial Services Officer defendant denied gang membership; however, to the Missouri Board of Probation and Parole defendant admitted he was a member of the Minno Mob St. Louis street gang.

Defendant violated conditions of release in January 2012 when he failed to appear in municipal court for violating transit regulations; in September 2016 when he violated state probation; in August 2017 and April 2019 when he violated state court probation; in February 2018 when he violated state probation; and on March 14, 2019, he was free on a cash bond at a time the federal grand jury found probable cause to believe he committed the instant federal offense.

The circumstances of the instant federal offense indicate that officers went to defendant's residence to execute the federal arrest warrant that had been issued with the current indictment.  Defendant and 3 others fled out the back and were arrested.  As defendant fled, he discarded a bag of marijuana.  In a consent search of the residence, officers found ammunition in his bedroom and a rifle in a chest in the basement, which defendant admitted he had possessed for about a month.

Defendant is currently wanted by local law enforcement authorities for failure to appear in court.  He has been arrested without conviction for very serious offenses.  He has a history of not complying with GPS monitoring.  He has a substance abuse history.  He has a state probation revocation hearing scheduled.  He was on state court supervision when the federal grand jury found probable cause to believe he committed the instant offense.  He lacks verifiable employment. He has failed to meet with his state Probation Officer as directed.  Defendant is a gang member.  He is believed by local law enforcement to be dangerous.

The federal Pretrial Services Office recommends detention.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  07/29/2019                                                          /s/  David D. Noce
                                                                            United States Magistrate Judge